**In re Shawn Matthew HUSTON, Mahala Lynn Huston, Debtors.**

**Shawn Matthew Huston, et al., Plaintiffs,**

**v.**

**Fred Haught, Defendant.**

**Bankruptcy No. 13–55274.**
**Adversary No. 13–02346.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed Sept. 15, 2014.

Entered Sept. 16, 2014.

Shaun D. Peterson, Peterson Law Offices, Wilmington, OH, for Plaintiffs.

Fred Haught, pro se.

## *OPINION AND ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS*

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter came on for consideration of the Debtors' Motion for Judgment on the Pleadings (Adv. Pro. Doc. # 12) (hereinafter referred to as "Motion"), filed by the Plaintiffs Shawn and Mahala Huston (hereinafter referred to collectively as the "Debtors" and individually as "Mr. Huston" and "Ms. Huston"), and the Creditor's Answer to Debtor's Motion for Judgment on Pleadings (Adv. Pro. Doc. # 19) filed by Defendant, Fred Haught (hereinafter referred to as "Defendant").

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

## I. Background

The Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 1, 2013. The Debtors initiated an adversary proceeding by filing a Complaint for Declaratory Judgment that Avoids the Judgment Lien on Garnished Funds Being Held by Wilmington Municipal Court (hereinafter referred to as the "Complaint"), requesting that the Defendant's judgment lien in garnished funds be avoided. In short, the Complaint alleges that the Defendant garnished Mr. Huston's paycheck in the aggregate amount of $3,011.50 (hereinafter referred to as the "Garnished Funds") during the months of April, May and June just prior to the Debtors filing bankruptcy. The Complaint further alleges that the Wilmington Municipal Court is in custody and control of the Garnished Funds. And finally, the Complaint alleges that "the Debtor's"[1] claimed

---

**1.** The Complaint is not clear as to whether both the Debtors claimed an exemption in the Garnished Funds or if only one of the Debtors claimed an exemption in the Garnished Funds. The Debtors listed the Garnished Funds on their Schedule B and indicated the property is owned jointly. *See* Schedule B at 1 (Doc. # 1). Nonetheless, resolution of whether the Debtors both have an ownership interest in and claimed an exemption in the

the Garnished Funds exempt. *See* Complaint at 1 (Adv. Pro. Doc. # 1).

## II. Standard of Review for Motions for Judgment on the Pleadings

 Fed.R.Civ.P. 12(c)[2] provides that after the pleadings are closed, a party may move for judgment on the pleadings. A motion for judgment on the pleadings made pursuant to Rule 12(c) is considered under the same standard as a motion to dismiss a complaint[3]: the Court "construes the complaint in a light most favorable to the plaintiff, accepts all factual allegations as true, and determines whether the complaint states a plausible claim for relief." *HDC, LLC v. Ann Arbor,* 675 F.3d 608, 611 (6th Cir.2012) (citations omitted). However, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Id.; see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868, 884 (2009). This is so even if the legal conclusions are "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994) (deciding a motion to dismiss).

 A complaint can survive a motion for judgment on the pleadings only if it contains sufficient factual matter to state a claim to relief that is "plausible on its face". This does not mean that the complaint must plead the elements of a cause of action. *Swierkiewicz v. Sorema,*

N.A., 534 U.S. 506, 510–12, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (deciding a motion to dismiss). On the other hand, it requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citation omitted). Construing Fed.R.Civ.P. 8,[4] the Supreme Court in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964–65 (internal citations omitted). A claim is plausible on its face if the complaint contains factual allegations sufficient to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *HDC,* 675 F.3d at 611; *see also Twombly,* 127 S.Ct. at 1964–65. "[T]he allegations in the complaint must permit the court to infer more than the mere possibility of misconduct, namely, that the pleader has show[n] entitlement to relief." *See, HDC,* 675 F.3d at 612–13; *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano,* 648 F.3d 365, 369 (6th Cir.2011) (citations and internal quotation marks omitted).

The Supreme Court further explained that recitation solely of facts that are indicative of misconduct are insufficient to state a facially plausible claim, if they are equally consistent with lawful behavior.

Garnished Funds is not determinative to this opinion.

**2.** Fed.R.Civ.P. 12(b)-(i) applies in adversary proceedings. Fed. R. Bankr.P. 7012(b).

**3.** This being the case, decisional law construing or applying the standards for a motion to dismiss are relevant and persuasive in analyzing a motion for judgment on the pleadings.

**4.** Fed. R. Bankr.P. 7008 provides that Fed. R.Civ.P. 8 applies in adversary proceedings. Rule 8 provides that "A pleading that states a claim for relief must contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R.Civ.P. 8(a).

*Twombly,* 127 S.Ct. at 1964, 1966. It logically follows, then, that allegations which may be sufficient to articulate a plausible claim for liability under the standards for one cause of action (*i.e.,* misappropriation) may not be sufficient to articulate a plausible claim for a different cause of action (*i.e.,* dischargeability). The Tenth Circuit Court of Appeals has observed that the term "plausibility" refers to the "scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, ... then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' " *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir.2008) (citations omitted). This is, of course, "a context-specific inquiry." *Napolitano,* 648 F.3d at 369. As might be expected, more complex cases will require more fact pleading. *Robbins,* 519 F.3d at 1248; 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 8.04[1][d] (3d ed. 2013).

## III. Analysis and Discussion

■ In this case, the Complaint does not give the Defendant fair notice of what the Debtors' claim is and the grounds upon which it rests. The Complaint fails to identify the legal basis under which the relief requested (i.e., avoiding the judgment lien of Defendant in the Garnished Funds) may be granted or contain sufficient factual allegations so that the legal basis is identifiable. The Bankruptcy Code contains several provisions by which a party may avoid an interest in property. *See* 11 U.S.C. §§ 522, 544, 547, 548, 549, 506. The Complaint fails to reference any statutory provision in support of Plaintiffs' request that the lien be avoided. It also fails to contain any factual allegations that would otherwise provide notice to the Defendant and the Court of the basis upon which the Debtors believe the judgment lien is avoidable. For example, the Debt-

ors do not indicate their exemptions are impaired by the judgment lien, nor do they allege the judgment lien was a preferential transfer. Without knowing what legal basis the Debtors are relying upon for the relief requested in the Complaint, the Defendant cannot properly defend against same nor can the Court evaluate whether it contains sufficient factual allegations. A cause of action under § 522(f), for example, has very different elements than causes of action under §§ 544, 547, 548, 549 and 506. The Court cannot analyze the elements required to state a proper cause of action under the various Bankruptcy Code sections that provide for the avoidance of an interest in property because the factual allegations in the Complaint are insufficient. The allegations in the Complaint fail to show that the Plaintiffs are entitled to the relief they have requested. Furthermore, the Complaint fails to identify the following specific facts: (1) the dollar amount of the claimed exemptions; (2) whether one debtor or both have claimed an exemption in the Garnished Funds; and (3) the statutory provision(s) under which the exemptions are claimed.

## IV. Conclusion

The Complaint fails to state a claim for relief that is plausible on its face. Accordingly, it is

**ORDERED** that Debtors' Motion for Judgment on the Pleadings (Adv. Pro. Doc. # 12) is DENIED. It is further

**ORDERED** that the Complaint (Adv. Pro. Doc. # 1) is hereby DISMISSED. It is further

**ORDERED** that the Plaintiffs, Shawn Matthew Huston and Mahala Lynn Huston, have fourteen (14) days from the date

of entry of this order within which to file an amended complaint.

**IT IS SO ORDERED.**